United States District Court
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MARIA SINGH,

10              Plaintiff,                          No. C 12-03406 JSW

11      v.

12   WACHOVIA MORTGAGE,                             **ORDER DENYING**
                                                    **APPLICATION TO PROCEED** *IN*
13              Defendant.                          *FORMA PAUPERIS* **AND**
                                                    **DISMISSING COMPLAINT WITH**
14   _____/         **LEAVE TO AMEND**

15

16         The Court has received Plaintiff's complaint and application to proceed *in forma*

17   *pauperis*, both filed on June 29, 2012.  The Court may authorize a plaintiff to file an action in

18   federal court without prepayment of fees or security if the plaintiff submits an affidavit showing

19   that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The *in*

20   *forma pauperis* statute also provides that the Court shall dismiss the case if at any time the

21   Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or

22   malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

23   against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint is

24   frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S.

25   319, 325 (1989).  Where a complaint fails to state that any constitutional or statutory right was

26   violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable

27   basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. §

28   1915(e)(2)(B).

United States District Court

For the Northern District of California

1    Federal courts are under a duty to raise and decide issues of subject matter jurisdiction

2    *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12;

3    *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that

4    subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P.

5    12(h)(3).  California superior courts are courts of general, unlimited jurisdiction and can render

6    enforceable judgments in practically any type of case.  However, federal courts have limited

7    jurisdiction.  Federal courts can only adjudicate cases which the Constitution or Congress

8    authorize them to adjudicate:  those cases involving diversity of citizenship (where the parties

9    are from diverse states), or a federal question, or those cases to which the United States is a

10   party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

11   Federal courts are presumptively without jurisdiction over civil cases and the burden of

12   establishing the contrary rests upon the party asserting jurisdiction.  *Id.* at 377.

13   Plaintiff asserts jurisdiction based on a federal question.  However, Plaintiff's only

14   federal claim, violation of the Truth in Lending Act ("TILA"), is time-barred.  Any action for

15   damages under TILA must be brought "within one year from the date of the occurrence of the

16   violation."  15 U.S.C. § 1640(e).  The Ninth Circuit has determined that this limitations period

17   begins "at the time the loan documents were signed," because at that point the signatory is "in

18   full possession of all information relevant to the discovery of a TILA violation ...."  *Meyer v.*

19   *Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  Plaintiff alleges that she signed

20   the loan documents on September 22, 2006, but she did not file her complaint in this action until

21   June 29, 2012.  Therefore, any claim based on a TILA violation is barred, unless Plaintiff can

22   allege facts that demonstrate the statute of limitations for her TILA claim may be equitably

23   tolled.

24   The doctrine of equitable tolling may, in appropriate circumstances, suspend the

25   limitations period until the borrower discovers the fraud or non-disclosures that form the basis

26   of the TILA claim for damages.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  A

27   district court can evaluate specific claims of fraudulent concealment and equitable tolling to

28   determine if the general rule would be unjust or frustrate TILA's purposes and adjust the

**United States District Court**
For the Northern District of California

1   limitations period accordingly. *Katz v. Bank of Cal.*, 640 F.2d 1024, 1025 (9th Cir. 1981). by

2   the one year statute of limitations. *See* 15 U.S.C. § 1640(e). Here, Plaintiff has not alleged any

3   facts to show that the statute of limitations should be tolled. However, the Court will provide

4   Plaintiff with an opportunity to allege additional facts to show that tolling should be applied

5   here. Therefore, the Court HEREBY DENIES Plaintiff's application to proceed *in forma*

6   *pauperis* and DISMISSES the complaint without prejudice.

7       If Plaintiff wishes to pursue this action in federal court, she must file an amended

8   complaint by **October 5, 2012**. Failure to file an amended complaint with facts that are

9   sufficient to show that tolling applies to her TILA claim by this date shall result in dismissal of

10  her TILA claim with prejudice. This Order is without prejudice to Plaintiff filing a claim in

11  state court to assert her state-law claims.

12      The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful

13  information about proceeding without an attorney, is available through the Court's website or in

14  the Clerk's office. The Court also advises Plaintiff that additional assistance may be available

15  by making an appointment with the Legal Help Center, which is located at 450 Golden Gate

16  Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

17      **IT IS SO ORDERED.**

18  Dated: September 10, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

3

1
2
3
4       UNITED STATES DISTRICT COURT
5                FOR THE
6        NORTHERN DISTRICT OF CALIFORNIA
7
8   MARIA SINGH,                          Case Number: CV12-03406 JSW

9              Plaintiff,          **CERTIFICATE OF SERVICE**

10    v.

11  WACHOVIA MORTGAGE et al,

12             Defendant.
                                              /
13

14  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
    District Court, Northern District of California.
15

16  That on September 10, 2012, I SERVED a true and correct copy(ies) of the attached, by
    placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
    listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
17  inter-office delivery receptacle located in the Clerk's office.

18

19  Maria Singh
    1405 Alpine Drive
20  Pittsburgh, CA 94565

21  Dated: September 10, 2012

22                                      Richard W. Winking, Clerk
                                        By: Jennifer Ottolini, Deputy Clerk
23

24

25

26

27

28

**United States District Court**
For the Northern District of California